UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80203-CR-ROSENBERG/REINHART

UNITED STATES OF AMERICA,

vs.

MARCOS ANTONIO CEDILLOS-SERPAS,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and MARCOS ANTONIO CEDILLOS-SERPAS. (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts One and Two of the Indictment. Counts One and Two each charge the defendant with assaulting, resisting, or impeding Federal officers, in violation of Title 18, United States Code, Section 111(a)(1).

2. The United States agrees to seek dismissal of Count Three of the Indictment after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed. The defendant is also aware that the guidelines do not provide for parole.

4.  The defendant understands and acknowledges that as to each of counts One and Two, the Court may impose a statutory maximum term of eight (8) years' imprisonment, followed by a maximum term of three (3) years' supervised release, and a maximum fine of $250,000.

5.  The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count, for a total assessment of $200, will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.  Although not binding on the probation office of the Court, the parties agree to jointly recommend the following:

    (a)    Under U.S.S.G. § 2A2.4, the base offense level is 10;

    (b)    Because the offense involved physical contact, three (3) levels are added;

2

(c) Other than the two (2) level reduction for acceptance of responsibility, no other enhancements to, nor reductions from, the advisory guideline range apply.

7. Although not binding on the probation office or the Court, the parties agree to jointly recommend a sentence within and at the low-end of the advisory guideline range, which the parties believe to be 8-14 months imprisonment.

8. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If, at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation

office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw the defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

11. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure

4

and/or an upward variance from the advisory guideline range that the Court establishes at sentencing, or unless the Court rejects any of the joint recommendations made by the parties. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that: (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

12. The defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial, to cross-examine the government's witnesses, to testify in his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial. The defendant further acknowledges that he is

fully satisfied with the representation provided by his attorney.

13. This is the entire agreement and understanding between the United States and the defendant. There are no other promises, agreements, or understandings between the parties.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 1/12/23           By: _____
                              RINKU TRIBUIANI
                              ASSISTANT UNITED STATES ATTORNEY

Date: 1/11/23           By: _____
                              ROBERT PASCH, ESQ.
                              ATTORNEY FOR DEFENDANT

Date: 1/11/23           By: _____
                              MARCOS ANTONIO CEDILLOS-SERPAS
                              DEFENDANT

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80203-CR-ROSENBERG/REINHART

UNITED STATES OF AMERICA

vs.

MARCOS ANTONIO CEDILLOS-SERPAS,

Defendant.

## FACTUAL PROFFER

Had this case proceeded to trial, the United States would have proved beyond a reasonable doubt the following facts:

On or about November 29, 2022, at approximately 9:30 am, Marcos Antonio CEDILLOS-SERPAS, a citizen and national of El Salvador who was being supervised by Immigration and Customs Enforcement, reported for his scheduled appointment at 423 W. Atlantic Avenue, Delray Beach, FL 33445. CEDILLOS-SERPAS was escorted from the waiting area to the processing room by Supervisory Detention and Deportation Officer Jordan Flanagan and was advised that he was being taken into ICE custody to expedite his removal proceedings. CEDILLOS-SERPAS was handcuffed and instructed to sit on the chair and wait for his turn to be processed by ICE.

CEDILLOS-SERPAS began making noises as if he was going to throw up. He stood up and went to the locked side door and attempted to open it. After being unable to open it, he fell to the ground and began rolling on the ground while continuing to make noises. Shortly thereafter, a call was made for medical assistance to the 911 emergency system. At approximately 10:20 am, EMTs arrived and, shortly afterwards, CEDILLOS-SERPAS was transported to Bethesda Hospital East, located at 2815 S. Seacrest Blvd, Boynton Beach, FL 33435. The ambulance was followed

by ICE Deportation Officers Damian Weston and Jonathan Mansa.

CEDILLOS-SERPAS was admitted to Bethesda Hospital East Emergency Room where he was attended by medical personnel, while being in custody of both ICE deportation officers. At approximately 2:15 pm, CEDILLOS-SERPAS was medically cleared for release from the hospital.

CEDILLOS-SERPAS was escorted out of his examination room towards the hospital exit, but after realizing that CEDILLOS-SERPAS's wallet was left behind in the examination room, the Officers turned and walked back to the examination room. CEDILLOS-SERPAS suddenly turned around and struck DO Weston, who was behind him, with both hands in the upper chest causing DO Weston to fall backwards onto the ground. CEDILLOS-SERPAS immediately started running towards the hospital exit door.  DO Mansa, who witnessed the assault, gave chase. Breaking through the sliding door, CEDILLOS-SERPAS ran through the waiting area and outside the hospital. Still being chased by DO Mansa, CEDILLOS-SERPAS continued through the parking lot to the concrete wall, which he attempted to scale. At that point, DO Mansa managed to reach CEDILLOS-SERPAS and pulled him down to the ground where there was a struggle and CEDILLOS-SERPAS violently resisted by pushing DO Mansa's hands away to get away. DO Mansa attempted to gain control and place CEDILLOS-SERPAS in handcuffs. He gave verbal commands ordering CEDILLOS-SERPAS to stop resisting, which CEDILLOS-SERPAS ignored.

DO Weston arrived at the scene and assisted DO Mansa in controlling CEDILLOS-SERPAS. At that time, CEDILLOS-SERPAS began resisting passively, preventing the officers from handcuffing him. Eventually, CEDILLOS-SERPAS was placed in handcuffs with the assistance of Security Director Romi Ulloa. CEDILLOS-SERPAS was then transported to the ICE office without further incident.

DO Weston sustained an abrasion to his wrist causing swelling, and DO Mansa sustained

abrasions to his fingers. Neither officer sought medical assistance for his injuries.

The Defendant agrees that the elements of the offenses to which he is pleading guilty are:

1. The defendant forcibly assaulted the person(s) described in the indictment;

2. The person assaulted was a federal officer performing an official duty; and

3. The defendant's acts resulted in physical contact with the person assaulted.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 1/12/23     By: _____
                       RINKU TRIBUIANI
                       ASSISTANT UNITED STATES ATTORNEY

Date: 1/11/23     By: _____
                       ROBERT PASCH, ESQ.
                       ATTORNEY FOR DEFENDANT

Date: 1/11/23     By: _____
                       MARCOS ANTONIO CEDILLOS-SERPAS
                       DEFENDANT

3